UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TORQUED-UP ENERGY SERVICES, INC. | § | CASE NO. 15-60796 |
| | § | |
| ARCTIC ACQUISITION CORPORATION | § | CASE NO. 15-60798 |
| | § | |
| TORQUED-UP ENTERPRISES, LLC | § | CASE NO. 15-60799 |
| | § | |
| DEBTORS | § | CHAPTER 11 |
| | § | (Motion for Administrative |
| | § | Consolidation Pending) |

**EMERGENCY MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105, 503(B), 507(A) and 366 (a) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION INVOICES AND (ii) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS <u>FOR ADDITIONAL ADEQUATE ASSURANCE</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Torqued-Up Energy Services, Inc., Chapter 11 Debtor and Debtor-in-Possession ("Debtor", "TUES" or "Movant") in the above-referenced bankruptcy case, files its *Emergency Motion for Order Pursuant to 11 U.S.C. §§ 105, 503(b), 507(a) and 366 (a) Prohibiting Utilities from Altering, Refusing or Discontinuing Services on Account of Pre-petition Invoices and (ii) Establishing Procedures for Determining Requests for Additional Adequate Assurance* (the "Motion"); and respectfully represents as follows:

EMERGENCY MOTION FOR ORDER PURSUANT TO §§ 105, 503(B), 507(A) AND 366                    PAGE 1
(a)  PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION INVOICES
AND (ii) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
FOR ADDITIONAL ADEQUATE ASSURANCE
\\server\Data\Files\Cases\Torqued-Up Energy Svc., Inc\Ch 11 #15-60796 filed 11-24-15\Pleadings\First Day Motions (jrs)\Utility Adequate Assurance\Utility Adequate Assurance Motion.wpd

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS MOTION WITHIN TWENTY ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

*NOTWITHSTANDING THE ABOVE AND FOREGOING NOTICE, THE DEBTOR INTENDS TO SEEK EMERGENCY CONSIDERATION OF THIS MOTION.*

## I. JURISDICTION, VENUE, AND STATUTORY AUTHORITY

1.1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is filed pursuant to 11 U.S.C. § 366.

## II. BACKGROUND

2.1.    On November 24, 2015 (the "Petition Date"), TUES filed a voluntary petition for bankruptcy relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division (the "Court").

2.2.    Since the Petition Date, TUES has continued to operate and manage their business as a Debtor-in-possession pursuant to 11 U.S.C. §§1107(a) and 1108.

EMERGENCY MOTION FOR ORDER PURSUANT TO §§ 105, 503(B), 507(A) AND 366                                        PAGE 2
(a) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION INVOICES
AND (ii) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
FOR ADDITIONAL ADEQUATE ASSURANCE
\\server\Data\Files\Cases\Torqued-Up Energy Svc., Inc\Ch 11 #15-60796 filed 11-24-15\Pleadings\First Day Motions (jrs)\Utility Adequate Assurance\Utility Adequate Assurance Motion.wpd

2.3.  No trustee or examiner has been appointed and no official committee of creditors or equity interest holders has yet been established.

2.4.  TUES is a corporation organized under the laws of the state of Delaware with its principal place of business located in Tyler, Smith County, Texas.

2.5.  TUES plans to continue normal day-to-day operations.  Debtor seeks relief pursuant to Chapter 11 of the Bankruptcy Code to reorganize and restructure its obligations.

## III. RELIEF REQUESTED

3.1.  Pursuant to section 366 of the title 11, United States Code (the "Bankruptcy Code"), the Debtor moves the Court for entry of an order: (i) prohibiting those utility companies currently providing services, or that will provide services (collectively, the "Utility Companies" and each, individually, a "Utility Company") to the Debtor either at Debtor's central office in Tyler, Texas, and satellite offices in Nordheim, Monahans, Henderson and Teague, Texas, from altering, refusing or discontinuing services to, or discriminating against, the Debtor on account of prepetition invoices; (ii) determining that the Utility Companies have received adequate assurance of future utility services under section 366 of the Bankruptcy Code; (iii) establishing procedures for determining requests for additional adequate assurance of payment for post-petition utility services; and (iv) granting certain related relief.

### The Utility Companies

3.2.  In connection with the operation of its business, the Debtor currently utilizes water, electricity/gas, telephone services, internet,  security services, trash maintenance and other similar

EMERGENCY MOTION FOR ORDER PURSUANT TO §§ 105, 503(B), 507(A) AND 366                    PAGE 3
(a)  PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION INVOICES
AND (ii) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
FOR ADDITIONAL ADEQUATE ASSURANCE
\\server\Data\Files\Cases\Torqued-Up Energy Svc., Inc\Ch 11 #15-60796 filed 11-24-15\Pleadings\First Day Motions (jrs)\Utility Adequate Assurance\Utility Adequate Assurance Motion.wpd

services ("Utility Services") through a number of accounts with various Utility Companies.

  3.3. Section 366(a) of the Bankruptcy Code prohibits a utility from discriminating against a Debtor based on the Debtor's commencement of a chapter 11 case or a payment default arising as a result of the commencement of such case. A utility company may alter, refuse, or discontinue service to a Debtor if such utility has not been provided, within twenty days after the date of entry of the order for relief, adequate assurance of payment for post-petition service.

  3.4. Due to the nature of Debtor's business, uninterrupted Utility Services are essential to the Debtor's ongoing operations and, therefore, to the success of the its reorganization. Should any of the Utility Companies refuse or discontinue service even for a brief period at Debtor's offices or locations, then no operations at the affected site could continue or be performed. Additionally, should any of the Utility Companies refuse or discontinue service even for a brief period at Debtor's offices, then those offices would be required to close thereby severely disrupting Debtor's business operations. In either case, the impact on business operations, revenues and reorganization efforts would be extremely harmful and jeopardize the Debtor's chances of reorganization.

  3.5. Therefore, with the Court's permission Debtor intends to continue to pay its post-petition obligations to the Utility Companies timely. Debtor also believes it has outstanding payments for prepetition services which are due to the Utility Companies as of the Petition Date. These prepetition amounts due may also include amounts owed for un-billed services and accounts or amounts owed for bills that have not become due yet. Debtor seeks the Court's permission to pay

EMERGENCY MOTION FOR ORDER PURSUANT TO §§ 105, 503(B), 507(A) AND 366 PAGE 4
(a) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION INVOICES
AND (ii) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
FOR ADDITIONAL ADEQUATE ASSURANCE
\\server\Data\Files\Cases\Torqued-Up Energy Svc., Inc\Ch 11 #15-60796 filed 11-24-15\Pleadings\First Day Motions (jrs)\Utility Adequate Assurance\Utility Adequate Assurance Motion.wpd

these prepetition amounts herein, if any, and in the Emergency Motion for Interim and Final Order Authorizing Use of Cash Collateral (the "Cash Collateral Motion") filed concurrently with this Motion.

## Adequate Assurance

3.6.  Pursuant to section 366(c)(2) of the Bankruptcy Code, a utility may alter, refuse or discontinue a chapter 11 Debtor's utility service if the utility does not receive from the Debtor or the trustee adequate assurance of payment within 30 days of the commencement of the Debtor's chapter 11 case.[1] Section 366(c)(1)(A) of the Bankruptcy Code defines the phrase "assurance of payment" to mean, among other things, a cash deposit or another form of security that is mutually agreed on between the utility and the Debtor or trustee.

3.7.  All Utility Companies are statutorily protected by the fact that, under section 503(b)(1)(A) of the Bankruptcy Code, any post-petition utility charges constitute actual and necessary expenses of preserving the Debtor's estate thereby entitling the Utility Companies to an administrative expense priority under Section 507(a)(1) of the Bankruptcy Code. The administrative expense priority given to the Utility Companies will sufficiently cover any risk assumed by the

---

[1] Subsections (b) and (c) of section 366 of the Bankruptcy Code appear inconsistent because the Code sets forth two different time periods during which a utility is prohibited from altering, refusing or discontinuing utility service. Section 366(b) permits a utility to alter, refuse, or discontinue service if the debtor nor the trustee furnishes adequate assurance of payment within *20 days* after the order for relief, whereas section 366(c)(2) allows a utility to alter, refuse, or discontinue service to a chapter 11 debtor if during the *30 day* period beginning on the petition date, the utility does not receive from the debtor or trustee adequate assurance of payment for post-petition utility service.

EMERGENCY MOTION FOR ORDER PURSUANT TO §§ 105, 503(B), 507(A) AND 366                PAGE 5
(a)  PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION INVOICES
AND (ii) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
FOR ADDITIONAL ADEQUATE ASSURANCE
\\server\Data\Files\Cases\Torqued-Up Energy Svc., Inc\Ch 11 #15-60796 filed 11-24-15\Pleadings\First Day Motions (jrs)\Utility Adequate Assurance\Utility Adequate Assurance Motion.wpd

Utility Companies.[2]

    3.8.    Debtor further proposes the following adequate protection:

    a.    Utility Companies will continue to send their invoices to the Debtor for utility services in the normal course of business which the Debtor to pay within ten (10) days of receipt of the invoice. Should the Debtor fail to remit payment to the Utility Companies within ten (10) days of receipt of the invoice, the Utility Company shall notify the Debtor and Debtor's counsel for such account in writing of the failure.

    b.    Debtor also seeks authorization to make payment for prepetition utilities services which have already been billed and are due, that were billed but payment is not yet due, or that were provided but have not been billed to Debtor. Debtor believes that postpetition payment of such amounts provides adequate assurance of future payment to the Utility Companies, in lieu of a separate cash deposit. Debtor believes that all such amounts of which it is aware have been paid as of the date of this filing. However, Debtor requests Court permission to make payments to the Utility Companies in the event that there are any such amounts of which it is not aware.

    c.    Debtor further proposes that in the event that a Utility Company requests additional assurance of payment, the Debtor will be authorized to provide a deposit to any requesting Utility Company in an amount equal to the Debtor's calculation of the cost of one week's worth of utility service provided by that requesting Utility Company (the "Adequate Assurance Deposit"), provided that (a) such request is made in writing no later than thirty (30) days after the entry of the Order approving this Motion (the "Requesting Deadline"); (b) such requesting Utility Company does not already hold a deposit equal to or greater than the Adequate Assurance deposit (which existing deposit shall be deemed to be the Adequate Assurance Deposit for purposes of this Motion); and (c) such requesting Utility Company is not currently paid in advance for its services.

    d.    A Utility Company's request for, and acceptance of, an Adequate Assurance Deposit shall be deemed an acknowledgment and admission from the Utility Company that the Adequate Assurance Deposit is the form of adequate assurance that is satisfactory to it, within the meaning of 366 of the Bankruptcy Code. Any Utility Company that

---

2

The Debtor acknowledges that an administrative expense priority is excluded from the list of items identified as "assurance of payment" but is included in this Motion for disclosure purposes as to the rights afforded to Utility Companies providing postpetition utility services to bankruptcy debtors.

EMERGENCY MOTION FOR ORDER PURSUANT TO §§ 105, 503(B), 507(A) AND 366    PAGE 6
(a) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION INVOICES
AND (ii) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
FOR ADDITIONAL ADEQUATE ASSURANCE
\\server\Data\Files\Cases\Torqued-Up Energy Svc., Inc\Ch 11 #15-60796 filed 11-24-15\Pleadings\First Day Motions (jrs)\Utility Adequate Assurance\Utility Adequate Assurance Motion.wpd

        does not request an Adequate Assurance Deposit by the Request Deadline shall be deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code.

    e.    Accordingly, the Utility Companies will not be prejudiced if they continue to furnish without interruption the same services rendered in the past to the Debtor. In addition to the statutory entitlement to an administrative expense claim, the Debtor's ability to pay Utility Companies for post-petition utility services on a monthly basis in the ordinary course of business, authorization to pay for any prepetition services for which bills that have not become due or for unbilled services, and the availability of the Adequate Assurance Deposit, if timely requested (collectively the "Proposed Adequate Assurance") constitute sufficient adequate assurance of future payment within the meaning of section 366 of the Bankruptcy Code.

Adequate Assurance Procedures

3.9. Nonetheless, if any Utility Company believes additional assurance is required, the Debtor proposes the following mechanism for the Utility Companies to request additional assurance of future payments from the Debtor. In particular, the Debtor requests that any order granting the relief sought in this Motion be entered without prejudice to the rights of the Utility Companies to request additional assurance under the following procedures, or without prejudice to the Debtor's right to assert that any such entity is not a "utility" entitled to adequate assurances of payment under 11 U.S.C. § 366(b); provided that the burden of proof shall remain unaffected by this Order:

    a.    The Debtor or its counsel will serve a copy of the order entered authorizing this Motion to all of the Utility Companies within three (3) business days of its entry.

    b.    If any Utility Company desires additional adequate assurance of future payment beyond the Proposed Adequate Assurance, such Utility Company must serve a request (an "Additional Assurance Request") so that it is received by the Debtor and Debtor's counsel by the Request Deadline at the following addresses:

    (i) Searcy & Searcy, P.C., Attorneys for Action Restoration, P.O. Box 3929, Longview, Texas 75606; and

EMERGENCY MOTION FOR ORDER PURSUANT TO §§ 105, 503(B), 507(A) AND 366     PAGE 7
(a) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION INVOICES
AND (ii) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
FOR ADDITIONAL ADEQUATE ASSURANCE
\\server\Data\Files\Cases\Torqued-Up Energy Svc., Inc\Ch 11 #15-60796 filed 11-24-15\Pleadings\First Day Motions (jrs)\Utility Adequate Assurance\Utility Adequate Assurance Motion.wpd

        (ii) Ireland, Carroll and Kelley, P.C., Attorneys for Torqued-Up Energy Services, Inc., 6101 S. Broadway, Suite 500, Tyler, Texas 75711; and

        (iii) Debtor, Torqued-Up Energy Services, Inc., 110 N. College Ave., Suite 1000, Tyler, Texas 75702

        Any Utility Company not listed herein, but subsequently identified, shall be afforded thirty (30) days after the Debtor provides notice to such Utility Company to make a request, if any, for additional adequate assurance of future payment from the Debtor.

c.    Any Additional Assurance Request must (i) be made in writing; (ii) identify to the Debtor which utility services are provided and the relevant account number(s); (iii) describe any deposits, prepayments or other security currently held by the requesting Utility Company and (iv) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

d.    Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have thirty (30) days from the date of receipt of such Adequate Assurance Request (the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Adequate Assurance Request. The Resolution Period may be extended by written agreement of the Debtor and the applicable Utility Company.

e.    The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional adequate assurance of future payment in a form satisfactory to the Utility Company, including but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable.

f.    If the Debtor believes that an Additional Assurance Request is unreasonable and is unable to resolve such request during the Resolution Period, that Utility Company shall file, within fifteen (15) days after the Resolution Period, a motion with the Court requesting a hearing to determine the adequacy of assurances of future payment made to the requesting Utility Company (the "Determination Hearing").

g.    Pending resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to the Debtor on account of unpaid

EMERGENCY MOTION FOR ORDER PURSUANT TO §§ 105, 503(B), 507(A) AND 366        PAGE 8
(a) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION INVOICES
AND (ii) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
FOR ADDITIONAL ADEQUATE ASSURANCE
\\server\Data\Files\Cases\Torqued-Up Energy Svc., Inc\Ch 11 #15-60796 filed 11-24-15\Pleadings\First Day Motions (jrs)\Utility Adequate Assurance\Utility Adequate Assurance Motion.wpd

        charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

    h.    In the event such Utility Company does not make a timely Additional Assurance Request or if the Additional Assurance Request is denied, the Utility Company shall be deemed to have adequate assurance of future utility service under section 366 of the Bankruptcy Code. The order granting this Motion shall be further deemed the Final Order with respect to all Utility Companies that do not timely submit an Additional Assurance Request to the Debtor.

    i.    If the Debtor defaults on an obligation to pay a Utility Company for undisputed post-petition services, and such default is neither secured by an existing deposit nor cured within twenty (20) days of the Debtor's receipt of written notice of default, then the applicable Utility Company may file a motion requesting further adequate assurance of payment.

    3.15.   Debtor does not intend that any provision of this Motion be deemed to constitute post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code.

FOR THESE REASONS, the Debtor prays that an emergency hearing be held on this Motion as soon as possible, with a final hearing to be scheduled thereafter, that the Court

    1.    Grant the Motion and authorize Debtor to pay for Utility Services as set forth herein;

    2.    Prohibit the Utility Companies from Altering, Refusing or Discontinuing Services on Account of Pre-petition Invoices; and

    3.    Establish Procedures for Determining Requests for Additional Adequate Assurance.

The Debtor further requests such other and further relief as this Court may deem just and proper.

EMERGENCY MOTION FOR ORDER PURSUANT TO §§ 105, 503(B), 507(A) AND 366        PAGE 9
(a) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION INVOICES
AND (ii) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
FOR ADDITIONAL ADEQUATE ASSURANCE
\\server\Data\Files\Cases\Torqued-Up Energy Svc., Inc\Ch 11 #15-60796 filed 11-24-15\Pleadings\First Day Motions (jrs)\Utility Adequate Assurance\Utility Adequate Assurance Motion.wpd

Dated November 24, 2015.

Respectfully submitted,

**SEARCY & SEARCY, P.C.**

By:   /s/ Jason R. Searcy
Jason R. Searcy, State Bar 17953500
Joshua P. Searcy, State Bar 24053468
Callan C. Searcy, State Bar 24075523
P.O. Box 3929
Longview, Texas 75606
(903) 757-3399 Telephone
(903) 757-9559 Facsimile

**IRELAND, CARROLL AND KELLEY, P.C.**

By:   /s/   Patrick Kelley
Patrick Kelley, State Bar _____
6101 S. Broadway
Suite 500
Tyler, Texas 75711
(903) 561-1600 Telephone

*Attorneys for Debtor*

CERTIFICATE OF SERVICE

This is to certify that on November 24, 2015, the foregoing was served on all parties entitled to service via the Court's Case Management/Electronic Case Files System ("CM/ECF"), and Certificateofservice.com, as service agent, was directed to serve notice of the foregoing upon al parties on the attached Maser Mailing Matrix via United States first class mail, postage prepaid.

 /s/ Jason R. Searcy
Jason R. Searcy

EMERGENCY MOTION FOR ORDER PURSUANT TO §§ 105, 503(B), 507(A) AND 366                                PAGE 10
(a)  PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICES ON ACCOUNT OF PRE-PETITION INVOICES
AND (ii) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
FOR ADDITIONAL ADEQUATE ASSURANCE
\\server\Data\Files\Cases\Torqued-Up Energy Svc., Inc\Ch 11 #15-60796 filed 11-24-15\Pleadings\First Day Motions (jrs)\Utility Adequate Assurance\Utility Adequate Assurance Motion.wpd